[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of Fairfield.
The matter was claimed for hearing as an uncontested dissolution matter by the plaintiff who appeared pro se. The defendant filed his pro se appearance on August 17, 1996.
On August 26, 1996, both the plaintiff and the defendant appeared before the court.
The State of Connecticut was represented by Wilbur Ward Dinegar, Assistant Attorney General.
The plaintiff, whose maiden name was Teresa Jones, and the defendant were married at Port Chester, N.Y. on June 17, 1995. Neither party had resided continually in the State of Connecticut for at least twelve months before the date of the hearing on August 26, 1996. For that reason, the court heard evidence and testimony, but reserved decision by agreement of all parties until February 22, 1997, the date upon which the defendant will have been a resident of Connecticut. Based upon the fact that the defendant has now resided in Connecticut for at least 12 months since the commencement of this action, the court makes the following findings and orders.
The marriage of the parties has broken down irretrievably without the prospect of reconciliation.
There is one minor child issue of the marriage, Lakesha Filomeno, born January 9, 1989.
No other minor children have been born to the plaintiff since the date of the marriage.
The plaintiff currently has a net weekly income of $113.51 from her employment at Caldor's Department Store.
The defendant has no source of income at the present time and is currently not eligible to receive Social Security benefits. CT Page 3183
The court has considered the provisions of Sections 46b-81, Section 46b-82 and Section 46b-84, the Conn. General Statutes in determining the following orders.
ORDERS
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown and each of the parties is decreed to be single and unmarried.
2. The defendant is ordered to pay to the plaintiff or to the State of Connecticut, as its interests may appear, the sum of $1.00 per year as periodic alimony.
3. The defendant is ordered to pay to the plaintiff or to the State of Connecticut, as its interests may appear, the sum of $1.00 per week as support for the minor child. In addition, the court finds that there is currently owing by the defendant to the State of Connecticut the sum of $5,610.00 as of August 26, 1996. The defendant is required to pay $1.00 per week on that arrearage. The defendant must seek benefits for the minor child when and if the defendant's Social Security benefits resume.
The foregoing judgment and orders thereon shall not enter until February 22, 1997.
BY THE COURT JOSEPH W. DOHERTY